Krestina E. Aziz
2067 SW 34th St
Gresham OR 97080

FILED 27 AUG '25 12:38 USDC-ORP

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**PLAINTIFF:** Krestina Aziz
**DEFENDANTS:** Intel Corporation,

Arcadis U.S., Inc.,

Kelly Services, Providence Health & Services,

Femworth Health,

Concentra,

Sedgwick Claims Management Services

3:25-CV-1525-IM

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

---

**I. INTRODUCTION**

Plaintiff Krestina Aziz brings this action for injuries and damages resulting from negligence, multiple chemical exposures, interference with medical care and evidence gathering, wrongful employment actions, defamation, and bad faith conduct by the above-named Defendants. Plaintiff also alleges that certain Defendants failed to timely provide workers' compensation insurer information, obstructed her access to care, and violated federal and state laws.

---

**II. PARTIES**

1. Plaintiff is an individual residing in Multnomah County, Oregon, USA.

2. Intel Corporation ("Intel") is a multinational corporation headquartered in Santa Clara, California, doing business in Oregon.

3. Arcadis U.S., Inc. ("Arcadis") is an engineering and consulting firm providing staffing and safety services to Intel.

4. Kelly Services ("Kelly") is a staffing company providing medical contractors to Intel facilities.

5. Providence Health & Services ("Providence") is a healthcare provider operating clinics and hospitals in Oregon.

6. Femworth Health ("Femworth") is a medical provider involved in Plaintiff's care.

7. Concentra Health Services ("Concentra") with jurisdiction in Texas and Nevada, operates occupational health and urgent care clinics, including in Oregon.

8. Sedgwick Claims Management Services ("Sedgwick") administers workers' compensation claims for Arcadis.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. §1332 (diversity jurisdiction) and §1367 (supplemental jurisdiction), and federal question jurisdiction under 28 U.S.C. §1331 to the extent federal rights are implicated.

    Venue is proper because the acts occurred in Oregon.

## IV. FACTUAL ALLEGATIONS

Each numbered paragraph sets forth facts and cites applicable laws where possible. Plaintiff reserves the right to amend to add additional facts and laws as discovery progresses.

**Chemical Exposures and Workplace Safety**

11. **August 28, 2023:** Plaintiff was exposed to a strong chemical odor in an Intel Specielty gas room. Intel & Arcadis DPS Group failed to identify or disclose the chemical contents to her. (ORS 654.010 – Duty to furnish safe employment. & OSH Act, Section 5(a)(1))

12. Intel failed to close or restrict access to the area despite a known hazard. (*Whelan v. Albertson's, Inc.*, 129 Or App 501, 879 P2d 888 (1994) and *Woolston v. Wells*, 297 Or 548, 687 P2d 144 (1984). & ORS 654.305 and ORS 654.310)

13. **September 1, 2023:** Plaintiff again suffered exposure at Intel's D1D facility. Intel failed to identify or mitigate the hazard. (ORS 654.010.)

14. **September 6, 2023:** Plaintiff encountered another odor before a golf cart incident; Intel and Arcadis did not provide hazard information. An intel employee who drove Krestina back to RS5 asked the plaintiff if she had been in a particular area and she

answered yes, she is there often, the worker informed her that there have been numerous reports of an odor in the area and people reported similar symptoms to what she was experiencing and that a Vaccum cleaning company had been working on locating the source of the leak for five days, but were yet to be successful. (*Whelan v. Albertson's, Inc.*, 129 Or App 501, 879 P2d 888 (1994) and *Woolston v. Wells*, 297 Or 548, 687 P2d 144 (1984). & ORS 654.305 and ORS 654.310)

15. Intel informed plaintiff that they terminated the employee assigned to respond to odor report calls after they failed to create a report and follow other standard of care procedures. Intel informed Krestina she can report odors that make her AND others have symptoms. (interference)

16. **November 2023:** Plaintiff smelled acetone-like odor in Intel D1D Subfab; Intel's LSS/ERT team misrepresented the source, recorded false location ("catwalk"), and tried to persuade Plaintiff to change her report. Plaintiff reported this via calling and via emailing. Intel reprimanded the plaintiff for reporting via email and did not include her verbal or email report in the EHS records. Arcadis manager and EHS rep. were informed promptly as well. They interfered with medical evidence collection by asking the plaintiff until boss returns from vacation. Arcadis made plaintiff believe that and 801 form must be filled regardless if a 827 is filled to initiate a claim. Once plaintiff filled the 801 form and persistent in raising safety concerns, intel and Arcadis finalized their decision to dispose of her employment on site and in general, according to exchanges plaintiff received as discovery. Worker's comp insurance, Hartford's manager of claims Sedgwick eventually created a claim in January for the November incident. Sedgwick also concealed communication about claim status including approval/denial. (Federal Rule 9(b) fraud; intentional misrepresentation and interference.

17. Another Intel worker confirmed others smelled the odor; Intel did not use detection devices.

**Employer and Insurer Conduct**

18. **Arcadis failed to provide timely workers' compensation insurer information and did not notify its insurer within the statutory time.**

- **Oregon Law:** ORS 656.262(3) (employer must notify insurer within five days); ORS 656.587 (penalty for failure to comply).

19. **Federal Analog:** No direct federal equivalent for private workers' comp, but under **20 C.F.R. §702.204**, employers who knowingly fail to report or who submit false statements may face civil penalties up to $29,980 per violation.

20. **After Plaintiff contacted Hartford about coverage, Hartford stated no policy existed for Arcadis; state intervention was required.**

- **Oregon Law**: ORS 656.017 (employer must maintain workers' compensation insurance).

20. **Arcadis HR pressured Plaintiff to file unemployment while still being paid, potentially fraudulent.**

- **Oregon Law**: ORS 162.075 (False Swearing – false misrepresentation under oath) and ORS 659A.199 (UNDA — whistleblower retaliation protections).

21. **Intel and Arcadis knew Plaintiff's prior income precluded Medicaid; furlough limited her healthcare access, interfering with evidence gathering.**

- **Oregon Law**: ORS 659A.030 (prohibition on discrimination or obstruction of legal rights); ORS 654.062 (right to report hazards without penalty).

**Medical Care and Record and benefits Interference**

22. **December 3, 2023:** Plaintiff sought urgent care and was denied treatment after being told to seek a "WC doctor."

23. **Weeks after January 2024:** Plaintiff filed an 801 form at the last allowable day; Arcadis failed to provide claim number or initiate care. (ORS 656.262.)

24. **February 6, 2024:** Plaintiff reported three separate incidents; Intel's LSS/ERT interfered with third-party Kelly nurse assessment, omitted Apple Watch data showing 152 bpm heart rate. (ORS 654.062; HIPAA privacy regulations.)

25. Kelly Services transmitted incomplete and inaccurate chart notes without amendments requested by Plaintiff, violating patient rights. The intel site nurse also provided third parties of complete chart notes while simultaneously imposing financial requirements or releasing the chart notes to the patient. The patient was asked to sign a notarized release form even though the nurse shared the chart notes with people other than the patient without the patient's review. (45 C.F.R. §164.526 – Right to amend PHI.)

26. **March 8, 2024:** At Concentra Sauvie Island, Plaintiff saw a nurse practitioner instead of a doctor; was not informed of provider's qualifications; 827 forms were withheld until May 20, 2024. (ORS 656.245 – Medical services to injured workers.)

27. **April 5, 2024:** At Concentra Airport Way, DO physician delayed appointment start, came to medical decisions without test or proper medical examination(s),

attempted to dissuade legal action, and withheld chart notes from patient pending employer approval. They discussed specific diagnostic exams and treatment options with the employer prior to completing and providing the chart notes and plans to patient. Patient was not provided notes till months later. (ORS 659A.199 – Retaliation; 45 C.F.R. §164.524 – Access to PHI and tortious interference)

28. Concentra misrepresented visits, closed a case administratively despite Plaintiff's appearance, delaying diagnosis and treatment. (ORS 656.262; ORS 659A.199; federal rule1519 (Destruction or falsification of records), tortious interference,

29. Femworth Health delayed ultrasound orders and drew insufficient blood for ordered tests, interfering with medical evidence. Timeliness of medical exams are essential to proper diagnosis. Femworth attributed some of their actions as benign negligence, if judge permits discovery which then reveals bad faith, plaintiff would move to motion to amend the complaint and add bad faith and intentional negligence or whatever the evidence calls for. Likewise if discovery reveals the lab that processed the blood was negligent or the like, the plaintiff would put in a motion to add a defendant. (ORS 676.150 – Duty to report; general negligence.)

30. Providence physicians misrepresented visit events stating things that weren't discussed as such and omitting facts. They refused to amend records or include plaintiff's narrative, including specialist's appointment on January 8, 2024 and November 4th, 2024 by PCP. (ORS 192.553–192.581 – Oregon Medical Records laws.)

31. Worker's comp doctor at Concentra fabricated two separate visits for two dates though Plaintiff saw him only once, constituting misrepresentation. Administrative staff confirmed plaintiff's record of fact (ORS 659A.199; ORS 165.080 – Falsifying business records; ORS 677.190)

**Defamation and Interference**

32. Concentra's DO doctor documented that Plaintiff was argumentative or aggressive, false and damaging to reputation, shared with employer. (Defamation per se; ORS 659A.199.)

33. Arcadis and Intel shared internal Intel emails describing incidents but withheld them during discovery and subpoena responses; failed to produce after judge's subpoena. Other documents were additionally withheld from plaintiff. (ORS 656.268; ORCP 46 – Discovery rules *and Federal Rules of Civil Procedure (FRCP): Rule 37*

34. Intel "savings log" Intel encouraged it's employees to find ways to reduce fees of scopes and save money. At one meeting an intel worker asked for a prompt replacement of a damaged tank (a tank that contains haz content) and was responded to by a subordinate who said he can't justify the purchase. She had to plea and explain that this is a safety concern.

    at another meeting LSS PE informed the general CSA team that there has been conversations at their LSS meetings discussing wide failure of LSS systems, the intel lead quality dismayed these claims as "not official".

35. *Intel pushed it's contractors/subordinates to complete jobs faster without waiting for final approval of city building department or EOR (engineer of record signage). Plaintiff raised concern over racks that were not seismically upgraded but project managers wanted to use to support toxic lines... plaintiff was told there is an agreement between intel and the city that as long that a rack is "in progress" for seismic upgrades, new lines including toxic ones, can be added to it. When plaintiff injured about which racks are "in progress" contingent worker project manager stated Intel lead Kimberly can just add any rack to the list of "in progress"*

    *plaintiff also raised concerns over issuing intel DDI packages with missing details and EOR not having access to the cut sheets which contain weights of tools...and that the construction team would need for the specific location's install... intel claimed it received approval from the city to reuse a previously set of drawings for multiple locations... intel manager told plaintiff he knows the detail is missing but that intel would not be responsible if the construction team installs it without a detail from the EOR... Plaintiff also raised concerns that EOR signature did not meet Oregon rules for electronic signatures. Plaintiff was threatened by an intel blue badge employee that intel can find someone else to do the work if plaintiff and EOR will continue to ask for cutsheets and the like..*

### Additional Facts

36. The above actions caused Plaintiff additional pain, suffering, loss of income, medical costs, reputational harm, and deprivation of rights, delay of medical treatment, emotional harm, reduced quality of life and much more. Plaintiff requests a protective order to be able to file in more details without privacy exposure concerns.

### V. CLAIMS FOR RELIEF

(Claims incorporate paragraphs 1–34.)

**Claim One – Negligence and Workplace Safety Violations (Intel, Arcadis)**
**Claim Two – Interference and Retaliation (Arcadis, Intel)**
**Claim Three – Bad Faith and Medical Interference (Kelly, Providence, Femworth, Concentra)**
**Claim Four – Defamation and False Records (All Defendants)**
**Claim Five – Workers' Compensation Reporting Failures (Arcadis, Sedgwick) – For Context and Supplemental to Other Claims**

### VI. PRAYER FOR RELIEF

- Compensatory and special damages;
- Pain and suffering;
- Punitive damages where allowed;
- Injunctive relief to correct records and ensure safety compliance;
- Attorneys' fees and costs;
- Such other relief as the Court deems just.

**DATED:** August 26, 2025
**Respectfully submitted,**
Kresting Aziz, Pro Se

*/s/ Kretra Azi/*