**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**KRESTINA AZIZ**,

Plaintiff,

v.

**INTEL CORP.**; **ARCADIS U.S., INC.**; **KELLY SERVICES**; **PROVIDENCE HEALTH & SERVICES**; **FEMWORTH HEALTH**; **CONCENTRA HEALTH SERVICES**; **SEDGWICK CLAIMS MANAGEMENT SERVICES**; and **CITY OF HILLSBORO**

Defendants.

Case No. 3:25-cv-01525-IM

**ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT**

Krestina E. Aziz, Gresham, OR 97080. Pro se.

**IMMERGUT, District Judge.**

Plaintiff Krestina Aziz, a former alleged employee of Defendants Intel Corp. or Arcadis U.S., Inc., brings this action against several defendants, alleging that they violated various state and federal laws while administering her workers' compensation claim. Plaintiff previously filed a complaint, ECF 1, which this Court dismissed for failure to state a claim, ECF 4. This Court

granted Plaintiff leave to file an amended complaint, which she did, ECF 11-1.[1] For the reasons described below, this Court DISMISSES her First Amended Complaint ("FAC"), ECF 11-1, for failure to state a claim upon which relief may be granted and denies leave to amend.

**STANDARDS**

A district court must perform a preliminary screening of an in forma pauperis (IFP) complaint and dismiss any claims that fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc) (noting that § 1915(e)(2)(B) applies to all IFP complaints, not just those of individuals in custody). To state a claim, a plaintiff must allege facts that, when accepted as true, make it plausible to infer that the defendant violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). In addition, dismissal may be appropriate if a complaint violates Rule 8 of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff is self-represented, so this Court will construe the pleadings in her favor and afford her the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court may not, however, supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

**DISCUSSION**

Plaintiff alleges what appear to be 25 claims in her FAC. Based on this Court's review of those claims, this Court concludes that Plaintiff's Complaint should be dismissed for failure to state a claim. Plaintiff's FAC plausibly establishes this Court's federal question jurisdiction, but,

---

[1] "This Court [previously construed] the document that currently appears as an attachment to Plaintiff's sealing request, ECF 11-1, as her timely First Amended Complaint ('FAC')." Miscellaneous Order, ECF 18.

for many of the same reasons addressed in this Court's Order Dismissing Plaintiff's Complaint, ECF 4, the FAC does not provide specific factual allegations to form any cognizable claim for relief.

**A. Federal Rule of Civil Procedure 8(a)(1)**

Under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). District courts must "presume[] that a cause lies outside [its] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If Plaintiff does not establish a valid basis for federal court jurisdiction such as federal question or diversity jurisdiction, this Court must dismiss her Complaint. *See Rivas v. Rail Delivery Serv., Inc.*, 423 F.3d 1079, 1082 (9th Cir. 2005).

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "An action 'arises under' federal law pursuant to § 1331 if the cause of action (i) is created by federal law, or (ii) necessarily requires resolution of a substantial question of federal law." *Osceola Blackwood Ivory Gaming Grp., LLC v. Picayune Rancheria of Chukchansi Indians*, 272 F. Supp. 3d 1205, 1210 (E.D. Cal. 2017) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). In assessing whether a claim properly alleges federal question jurisdiction, the critical question is whether "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S.

678, 682–83 (1946). Thus, a claim may properly allege federal question jurisdiction without satisfying the plausibility requirement under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

Plaintiff brings several federal claims that this Court considers in assessing federal question jurisdiction. Only one of these, her claim under 42 U.S.C. § 1983, establishes this Court's federal question jurisdiction; this allows this Court to exercise jurisdiction—through supplemental jurisdiction—over Plaintiff's state law claims. Plaintiff's other federal claims do not provide a private cause of action for the facts presented in this case.[2]

Plaintiff's Section 1983 claim is material and non-frivolous and thus confers jurisdiction. However, although this claim satisfies federal question jurisdiction under 28 U.S.C. § 1331, the claim ultimately fails because Plaintiff does not plead facts sufficient to state a claim, as discussed in (B) below.

Because Plaintiff has sufficiently alleged a Section 1983 claim, she has provided grounds for this Court's jurisdiction, and this Court finds it appropriate to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The test for supplemental jurisdiction is whether the other claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[.]" 28 U.S.C. § 1367(a). The other claims relate to the acts of employment discrimination that allegedly led to the acts of discrimination by the City of Hillsboro. ECF 11-1 at ¶¶ 11–37. Accordingly, this Court may and does exercise jurisdiction over the FAC in its entirety and evaluates all her claims.

---

[2] In her Complaint, Plaintiff alleged claims under the Occupational Safety and Health Act of 1970; 20 C.F.R. § 702.204, a workers' compensation regulation; HIPPA privacy regulations; and Federal Rule of Civil Procedure 37. ECF 1. This Court explained that these citations did not confer federal question jurisdiction because "Plaintiff has also not alleged that any of her state causes of actions turn on the interpretation of a federal law." Order Dismissing Plaintiff's Complaint, ECF 4 at 4.

Plaintiff alleges other federal claims that are new to her FAC, ECF 11-1, but which do not provide grounds for jurisdiction. First, Federal Rule of Civil Procedure 9(b) is a rule of civil procedure regarding how a Plaintiff should plead fraud in a lawsuit; it is not a cause of action that provides Plaintiff relief from fraud. Next, Plaintiff refers to "federalrule1519 [sic] (Destruction or falsification of records)," ECF 11-1 ¶¶ 28, which is understood by this Court to be a reference to 18 U.S.C. § 1519. This law addresses altering records with the intent to impede investigations of departments or agencies of the United States and thus does not apply to Plaintiff's situation. The Clean Air Act also does not provide applicable relief for Plaintiff, as the statute requires procedural action prior to the commencement of a private citizen suit which was not taken here. 42 U.S.C. § 7604.

Having found federal question jurisdiction over Plaintiff's Section 1983 claim and her state law claims, this Court now analyzes the substance of Plaintiff's claims.

**B. Federal Rule of Civil Procedure 8(a)(2)**

Plaintiff's claims do not meet the Rule 8(a)(2) threshold for stating a claim for relief. Under Federal Rule of Civil Procedure 8(a)(2), every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint that is "verbose, confusing and almost entirely conclusory" violates this Rule. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Plaintiff adds some detail to her FAC as compared to her original complaint, but she does not rectify the conclusory nature of her allegations. Courts need not credit legal conclusions that

are couched as factual allegations. *Iqbal*, 556 U.S. at 678. Plaintiff still does not explain how the named defendants caused her to experience harm that violated her rights. Even under notice pleading, courts are not meant to "piece together a theory of liability from a string of … assertions." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011) (cleaned up). Although Plaintiff has supplemented her FAC with additional information compared to her original Complaint, *see, e.g.* FAC, ECF 11-1, ¶ 28, this Court is still unable to determine what occurred or the legal grounds for the relief Plaintiff seeks.

With respect to her new claim under 42 U.S.C. § 1983, Plaintiff fails to allege facts sufficient to state a claim. A Section 1983 claim requires "two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. Of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff does not explain how Hillsboro staff violated her rights by recommending she "doesn't burn a bridge" by filing an official complaint or by speaking with her "in a very angry way." FAC, ECF 11-1 ¶ 38. As such, Plaintiff does not allege with specificity what protected activity the city of Hillsboro staff interfered with and how her interaction with them violated her First and Fourteenth Amendment rights. *Id.*

Finally, Plaintiff has re-pled claims that this Court has already noted appear to be barred as a matter of law. Order Dismissing Complaint, ECF 4 at 6–7 (relating to ORS §§ 656.018, 656.32, 654.062, 659A.875). Given the continued lack of detailed factual allegations, it is still unclear which, if any, of Plaintiff's claims survive the limitations previously discussed.

**C. Leave to Amend**

Because this Court dismisses Plaintiff's Complaint, it must decide whether to grant leave to amend. A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

15(a)(2). The Court has already provided Plaintiff a detailed explanation of her pleading deficiencies and granted her an opportunity to cure such deficiencies in an amended pleading. Plaintiff failed to do so. The Court therefore concludes that any further attempts to amend would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (cleaned up) (noting that "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [her] claims, [t]he district court's discretion to deny leave to amend is particularly broad").

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the First Amended Complaint, ECF 11-1, with prejudice and without leave to amend.

**IT IS SO ORDERED.**

DATED this 27th day of August, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge